UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REUBEN TAYLOR,<br><br>Defendant | Criminal No. 26cr10271<br><br>Violation:<br><br>Count One: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. Defendant REUBEN TAYLOR was a resident of Boston, Massachusetts.

2. TAYLOR was employed full-time as a Sergeant with the City of Boston Municipal Protective Services.

The Paycheck Protection Program

3. The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans

suffering the economic effects of the COVID-19 pandemic. The CARES Act also provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The PPP offered forgivable loans to small businesses affected by the COVID-19 pandemic. The loan proceeds could be used for payroll and certain other business expenses.

5. In order to obtain a PPP loan, a qualifying business was required to submit a loan application signed by an authorized representative of the business acknowledging the program rules and making certain affirmative certifications, including certifications about the business's average monthly payroll expense and the purpose of the loan. If the applicant was a sole proprietor, they were required to submit an IRS Schedule C in support of their application.

6. PPP loan applications were processed by participating lenders. The lender funded the PPP loan using its own money, but the loan was guaranteed by the SBA. Data from the application, including information about the business's average monthly payroll expense, was transmitted by the lender to the SBA in the course of processing the loan.

7. Because the PPP was an emergency program designed to provide funds to small businesses as quickly as possible, participating lenders and the SBA were allowed to rely on applicants' certifications without verifying the accuracy of information the applicants represented to be true.

8. After obtaining the loan proceeds, the borrower could apply for forgiveness of the loan if they met certain requirements, including that they had spent at least 60% of their loan proceeds on payroll expenses.

9. If the loan was forgiven, the SBA repaid the lender the full amount of the loan, plus any accrued interest. Forgiven loans were paid for with taxpayer money.

10. A private financial services company referred to herein as the "Lender," which was based in Florida, participated in the PPP program as a lender.

TAYLOR's Scheme to Defraud the SBA

11. On or about March 30, 2020, TAYLOR submitted a 2019 Form 1040 to the IRS. TAYLOR reported that he had earned wages of $97,561 from the City of Boston and attached a Form W-2 to that effect. TAYLOR identified his occupation as "Municipal Police." He did not include a Schedule C.

12. On or about April 23, 2021, TAYLOR used an internet portal to submit an application to the Lender for a $20,804 PPP loan for a car mechanic business he claimed to run as an independent contractor. TAYLOR claimed Schedule C gross income in 2019 of $99,863, and represented that the purpose of the loan was to cover payroll. TAYLOR knew these representations were false. Taylor caused the PPP loan application to be submitted via wire communications that originated in Massachusetts and traveled outside Massachusetts.

13. TAYLOR supported his PPP application with a fabricated Form 1040 on which he represented that he received $0 wages in 2019. He included a fabricated Schedule C for 2019 stating that he owned a mechanic business, and that in 2019 his business received $99,863 in gross receipts and net profit of $64,765 after expenses, including $23,665 in "contract labor." TAYLOR knew these representations were false.

14. TAYLOR signed the application below a certification stating that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all respects."

15. Unaware that TAYLOR did not own a business, the SBA guaranteed the loan. TAYLOR's false representations and fabricated documents were material to the SBA's decision to guarantee the loan.

16. On or about May 7, 2021, the Lender wired $20,804 in PPP loan proceeds from its account at a bank in Florida to TAYLOR'S account no. -6088 at a credit union in Boston. The balance in TAYLOR's account immediately before the deposit of the loan proceeds was approximately $40.14.

17. TAYLOR spent the loan proceeds in less than two weeks, withdrawing $14,500 in cash and spending $6,994 on personal expenses, including rent, child support, clothing, restaurants, and Uber Eats.

18. On or about August 26, 2021, TAYLOR used an internet portal to send the Lender a loan forgiveness application on which he falsely represented that he had spent the entire loan amount on payroll for his fictitious business.

19. On or about September 28, 2021, the SBA, still unaware that TAYLOR did not own a business, forgave his loan. The SBA repaid the Lender the loan principal of $20,804 plus accrued interest of $86.07, for a total of $20,890.07.

20. TAYLOR did not repay any portion of his loan.

COUNT ONE
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

21. The United States Attorney re-alleges and incorporates by reference paragraphs 1-20 of this Information.

22. On or about April 23, 2021, in the District of Massachusetts, and elsewhere, the defendant,

REUBEN TAYLOR,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit, a PPP loan application containing false information together with a fabricated Form 1040 and Schedule C.

All in violation of Title 18, United States Code, Section 1343.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

23. Upon conviction the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

REUBEN TAYLOR,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

a. $20,890.07, to be entered in the form of a forfeiture money judgment;

24. If any of the property described in Paragraph 23, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 23 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY
UNITED STATES ATTORNEY

By: */s/ Christine Wichers*
CHRISTINE WICHERS
Assistant U.S. Attorney

Date: October 8, 2026